**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **BRIAN WILHELM,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **NO.** |
| **vs.** | ) | |
| | ) | |
| **NEW LENOX POLICE OFFICER MARK KLAUSNER, STAR #135; NEW LENOX POLICE OFFICER MICHAEL DONNELLY, STAR #131, Individually and as Employees/Agents of the VILLAGE of NEW LENOX, a Municipal Corporation,** | ) | |
| | ) | **JURY DEMAND** |
| **Defendants.** | ) | |

**COMPLAINT AT LAW**

NOW COMES, BRIAN WILHELM, by and through his attorneys, JEFFREY J. NESLUND, LAW OFFICES OF JEFFREY J. NESLUND and MICHAEL D. ROBBINS, MICHAEL D. ROBBINS & ASSOCIATES, and in complaining of the Defendants, NEW LENOX POLICE OFFICER MARK KLAUSNER, STAR #135 and NEW LENOX POLICE OFFICER MICHAEL DONNELLY, STAR #131, states as follows:

**INTRODUCTION**

1. This is an action for civil damages brought pursuant to 42 U.S.C. Sec. 1983 for the deprivation of plaintiff's constitutional rights. This Court has jurisdiction pursuant to 28 U.S.C. Sec. 1331 and 1343.

2. Venue in this district is proper pursuant to 28 U.S.C sec. 1391 (b), because the facts which give rise to the claims asserted herein occurred in the Northern District of Illinois.

3. Plaintiff, BRIAN WILHELM, is an individual who at all times relevant hereto was

living in the Northern District of Illinois.

4. Defendants, NEW LENOX POLICE OFFICER MARK KLAUSNER and NEW LENOX POLICE OFFICER MICHAEL DONNELLY, were at all times material hereto, duly appointed New Lenox Officers employed by the Village of New Lenox who were on duty and acting in the capacity of sworn law enforcement officials.

## FACTUAL SUMMARY

5. On or about December 11, 2010, the Plaintiff was at his residence at 850 Wisconsin, New Lenox, Illinois.

6. At approximately 2:07 a.m., an automobile accident occurred at 739 Wisconsin Road in New Lenox, Illinois.

7. Plaintiff went outside and observed that two vehicles were involved in the accident, and that a passenger in one of the vehicles was injured.

8. Plaintiff, a retired United States Army Sergeant who lost his leg while serving in Iraq, began to administer first aid to the injured passenger. Plaintiff bandaged a head wound of one of the passengers and assisted a second passenger in exiting one of the automobiles.

9. As Plaintiff was administering first aid to the injured passenger, DEFENDANT, NEW LENOX POLICE OFFICER KLAUSNER, arrived on the scene.

10. DEFENDANT OFFICER KLAUSNER, grabbed the Plaintiff and accused him of being the driver of one of the vehicles in the accident.

11. Shortly thereafter, DEFENDANT NEW LENOX POLICE OFFICER DONNELLY arrived on the scene.

12. Plaintiff, whose balance and mobility are limited because he uses a prosthetic leg, was explaining to DEFENDANT OFFICER KLAUSNER that he was not involved in the accident when DEFENDANT DONNELLY arrived on the scene.

13. Immediately after arriving at the scene of the accident, without conducting any inquiry or investigation, DEFENDANT OFFICER DONNELLY tazed the Plaintiff in the back. The use of force against Plaintiff was without any cause or justification.

14. After he was tazered, Plaintiff was handcuffed by DEFENDANT OFFICER KLAUSNER as DEFENDANT DONNELLY threatened to tazer him again. DEFENDANT OFFICER KLAUSNER forcefully dropped his knee on Plaintiff's head and neck forcing Plaintiff's head into the ground.

15. In order to cover up the unnecessary and excessive use of force, the DEFENDANT POLICE OFFICERS made false statements in police reports and initiated false criminal charges against Plaintiff.

16. On or about June 15, 2011, Plaintiff was found not guilty of all charges initiated by the DEFENDANT OFFICERS.

**COUNT I**
**42 U.S.C. § 1983: Excessive Force**

17. Plaintiff re-alleges and incorporates paragraphs 1-16 above as fully stated herein.

18. The acts of the DEFENDANT OFFICERS were a deliberate and malicious deprivation of the Plaintiff's constitutional rights against excessive force as guaranteed to the Plaintiff by the Fourth Amendment of the Constitution and made applicable to the states by the Fourteenth Amendment.

19. As a result of the unreasonable and unjustifiable excessive force used by the DEFENDANT OFFICERS, the Plaintiff suffered physical and emotional injuries, and other damages in violation of 42 U.S.C. 1983.

**COUNT II**
**42 U.S.C. § 1983: False Arrest/Unlawful Detention**

20. Plaintiff re-alleges and incorporates paragraphs 1-16 as fully stated herein.

21. As described above, DEFENDANT NEW LENOX POLICE OFFICERS DONNELLY and KLAUSNER falsely arrested and unlawfully detained Plaintiff without justification and without probable cause.

22. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, and specifically, the rights of the Plaintiff.

23. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff suffered damages, including but not limited to mental distress and anguish.

**COUNT III**
**State Law Claim: Malicious Prosecution**

24. Plaintiff re-alleges and incorporates paragraphs 1-16 above as fully stated herein.

25. Plaintiff was improperly subjected to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were terminated in Plaintiff's favor in a manner indicative of innocence.

26. DEFENDANT OFFICERS accused Plaintiff of criminal activity knowing those accusations to be without probable cause, and they made written and other statements with the intent of exerting influence to institute and continue judicial proceedings.

27. Statements of DEFENDANT OFFICERS regarding Plaintiff's alleged culpability were made with knowledge that the statements were false and perjured. In so doing, the DEFENDANT OFFICERS fabricated evidence and withheld exculpatory information.

28. The misconduct described in this Count was undertaken with malice, willfulness,

reckless indifference to the rights of others.

29. As a result of the above-described wrongful infringement of Plaintiff's rights, he has suffered financial and other damages, including but not limited to substantial mental stress and anguish.

30. The misconduct described in this Count was undertaken by the DEFENDANT OFFICERS within the scope of their employment such that their employer, VILLAGE OF NEW LENOX, is liable for their actions.

**COUNT IV**
**State Law Claim: Intentional Infliction of Emotional Distress**

31. Plaintiff re-alleges and incorporates paragraphs 1-16 above as fully stated herein.

32. The acts and conduct of DEFENDANT OFFICERS as set forth above were extreme and outrageous. DEFENDANT OFFICERS intended to cause, or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to Plaintiff.

33. DEFENDANT OFFICERS' actions and conduct did directly and proximately cause a severe emotional distress to Plaintiff and thereby constituted intentional infliction of emotional distress.

34. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff.

35. The misconduct described in this Count was undertaken by the DEFENDANT OFFICERS within the scope of their employment such that their employer, the Village of New Lenox, is liable for their actions.

## REQUEST FOR RELIEF

36. Plaintiff, BRIAN WILHELM, respectfully requests that the Court:

a. Enter judgment as to each claim in his favor and against Defendants, NEW LENOX POLICE OFFICER MARK KLAUSNER and NEW LENOX POLICE OFFICER MICHAEL DONNELLY;

b. Award compensatory damages against Defendants, NEW LENOX POLICE OFFICER MARK KLAUSNER and NEW LENOX POLICE OFFICER MICHAEL DONNELLY;

c. Award reasonable attorneys' fees against Defendants, NEW LENOX POLICE OFFICER MARK KLAUSNER and NEW LENOX POLICE OFFICER MICHAEL DONNELLY;

d. Award punitive damages against NEW LENOX POLICE OFFICER MARK KLAUSNER and NEW LENOX POLICE OFFICER MICHAEL DONNELLY; and

e. Grant any other relief this Court deems just and appropriate.

## JURY DEMAND

Plaintiff, BRIAN WILHELM, demands a trial by jury under the Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,

/s/ Jeffrey J. Neslund
JEFFREY J. NESLUND
One of the Attorneys for Plaintiff

Jeffrey J. Neslund
Law Offices of Jeffrey J. Neslund
150 North Wacker Drive, Suite 2460
Chicago, Illinois 60606
(312) 223-1100

Michael D. Robbins
Michael D. Robbins & Associates
150 North Wacker Drive, Suite 2460
Chicago, Illinois 60606
(312) 899-8000